**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230643-U

Order filed February 1, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0643 Circuit No. 23-CF-101 |
| AARON T. MARSH, | ) ) ) | Honorable Cynthia M. Raccuglia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justice Peterson concurred in the judgment.
Presiding Justice McDade dissented.

_____

**ORDER**

¶ 1      *Held*:   The trial court did not abuse its discretion by granting the State's petition to deny pretrial release.

¶ 2      Defendant, Aaron T. Marsh, was indicted with two counts of aggravated battery (Class 3) (720 ILCS 5/12-3.05(b)(2) (West 2022)) and two counts of domestic battery (Class 4) (*id.* § 12-3.2(a)(1)). His bail was initially set at $150,000, but defendant remained in custody. Defendant filed a motion for pretrial release. In response the State filed a verified petition to deny pretrial

release, alleging defendant was charged with domestic battery, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(4) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(4) (West 2022)).

¶ 3                                    I. BACKGROUND

¶ 4        The State's factual basis provided that the Oglesby Police Department took a report from Kayla M. about abuse to her son, E.M., who was one year old. Kayla was concerned about the way E.M. was acting around her live-in boyfriend, defendant. Kayla had set up covert surveillance in her residence based on her concerns. She turned the videos over to law enforcement. The videos showed defendant striking E.M. in the face on two separate occasions; using illegal drugs in the residence; and striking E.M. a couple of times, grabbing him, and throwing him onto a bed on another occasion. Kayla confronted defendant on the video. At the time of the charge, defendant was on probation for aggravated assault with a deadly weapon. He had further convictions for theft, forgery, a second aggravated assault with a deadly weapon, and domestic battery. He also had two juvenile cases for aggravated battery.

¶ 5        A hearing was held on the petition on November 8, 2023. The State provided the factual basis and stated that defendant was both a specific threat to E.M. and a threat to the community as a whole. The State indicated that defendant had a criminal history, was on probation at the time, and stated that there were no conditions to mitigate defendant's dangerousness. Defense counsel indicated that there was no allegation of any significant injury to the child, and that the child was now living in Michigan after being removed from Kayla's care. Counsel further stated that defendant had been participating in counseling programs available at the jail and would abide by conditions imposed.

¶ 6    The court granted the State's petition finding the State met its burden by clear and convincing evidence. In doing so, the court noted the fact that defendant was on probation at the time and stated it "can't find any less restrictive procedures would work to protect my concern and fear for the community."

¶ 7    Defendant appeals.

¶ 8                                II. ANALYSIS

¶ 9    On appeal, defendant contends that the court abused its discretion in granting the petition to detain. Specifically, he argues that he did not pose a real and present threat that could not be mitigated by any conditions. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19.

¶ 10    Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e). When determining a defendant's dangerousness and the conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5.

¶ 11     We find the court did not abuse its discretion in granting the petition. First, we cannot say that it was against the manifest weight of the evidence for the court to find defendant was dangerous. There was video evidence showing defendant striking a one-year-old child on multiple occasions, defendant was on probation at the time of the offense, and he had a significant violent criminal history. Even if E.M. no longer resided in the state, defendant was still a threat to the community. Second, defendant contends that the court erred in finding that there were no conditions to mitigate any threat he posed. Defendant was on probation at the time of the offense, showing that he had an issue following the edicts set by the court. Moreover, home monitoring would not have prevented the offense in this case. While the court commended defendant on the work he was doing towards recovery while in the jail, it did not believe that this was enough to mitigate the threat defendant posed. Therefore, the court did not abuse its discretion in granting the State's petition.

¶ 12                                III. CONCLUSION

¶ 13     The judgment of the circuit court of La Salle County is affirmed.

¶ 14     Affirmed.

¶ 15     PRESIDING JUSTICE McDADE, dissenting:

¶ 16     I dissent from the majority's decision to affirm the circuit court's denial of pretrial release.

¶ 17     In affirming, the majority finds that it was not against the manifest weight of the evidence for the circuit court to find that defendant was dangerous, and I agree. However, the majority also finds that the circuit court properly determined that there were no conditions to mitigate the threat that defendant posed, with which I disagree.

¶ 18     Section 110-6.1(e) of the Code of Criminal Procedure of 1963 states that "[a]ll defendants shall be presumed eligible for pretrial release. . . ." 725 ILCS 5/110-6.1(e) (West 2022). As the

majority explains, to rebut this presumption, the State must prove not just one or two, but the following three elements, by clear and convincing evidence: (1) that the proof is evident or the presumption great that the defendant has committed a detainable offense; (2) that the defendant poses a real and present threat to the safety of any person, persons, or the community, or is a flight risk; and (3) that no conditions can mitigate this threat or risk of flight. *Id.*

¶ 19    Relevant to the third element of ineligibility, the record in this case shows that the State never identified potential conditions of release or argued why said conditions would be unable to mitigate the threat posed by defendant. Although the majority finds that the fact that defendant was on probation at the time of the charged offense shows that he had problems following court edicts, this is merely the majority's finding and not an argument that the State itself expressly made. Additionally, although the majority next finds that home monitoring would not have prevented the charged offense, prevention of the charged offense is not at issue for purposes of determining whether a defendant is eligible for pretrial release. The charged offense in this case has, after all, already occurred, and what is instead at issue is the mitigation of defendant's dangerousness, which, again, the State did not address in the proceedings below. See 725 ILCS 5/110-6.1(e) (West 2022) (requiring the State to show, among other things, that no conditions can mitigate the defendant's dangerousness, in order to prove the defendant's ineligibility for pretrial release).

¶ 20    Because the State made no showing as to whether any conditions can mitigate defendant's dangerousness, it failed to meet all three requirements under the statute for proving that defendant is ineligible for pretrial release. Thus, I find that the circuit court abused its discretion by granting the State's verified petition to deny pretrial release.